

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-91,175-01

### EX PARTE GREGORIO RAMIREZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2016-DCR-00550-E IN THE 357TH DISTRICT COURT FROM CAMERON COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of one count of murder and one count of arson and sentenced to forty years' imprisonment for the murder charge and twenty years' imprisonment for the arson charge, to run concurrently. The Thirteenth Court of Appeals affirmed his conviction. *Ramirez v. State*, No. 13-17-00173-CR (Tex. App. — Corpus Christi - Edinburg Aug. 9, 2018) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective because counsel failed to interview or obtain a statement and testimony from Applicant's girlfriend, Mayra Camaro to support Applicant's claim that he acted in self-defense, and failed to request a jury instruction on defense of another.

Applicant also alleges that counsel (who also represented Applicant on direct appeal) was ineffective for failing to argue that Applicant was entitled to a new trial because the trial court's findings of fact as to one of the defense's pre-trial motions to suppress were missing from the record and were necessary to the resolution of Applicant's appellate claims.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient at trial and on direct appeal, and as to whether Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.

Filed: April 29, 2020
Do not publish